426 So.2d 370 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Eddie J. YOUNG, Defendant-Appellant.
No. 15132-KA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rehearing Denied February 24, 1983.
*371 Richard Goorley, Asst. Indigent Defender, Shreveport, for defendant-appellant.
Birdia Greer, Asst. Dist. Atty., Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
The defendant was convicted of distribution of a Schedule II controlled dangerous substance in violation of LRS 40:967, and was sentenced to nine years at hard labor. In this appeal, defendant relies on four assignments of error for reversal of his conviction and of his sentence. We affirm.
The defendant was arrested after selling two phenmetrazine tablets to an undercover police officer. The undercover agent then transmitted a description of the vendor to two surveillance officers in the area. Within minutes after the transaction occurred, the surveillance officers drove by the scene and spotted the defendant who fit the general description given to them and who was known by one of them. The defendant was arrested about two weeks later when the undercover operation ended.
The defendant's first and second assignments of error deal with the trial judge's denial of defendant's motions for mistrial. CCrP Art. 771. This article allows the trial judge to grant a mistrial when a comment or remark made by a witness during the trial refers to another crime committed or alleged to have been committed by the defendant, evidence of which is inadmissible, and which may cause prejudice. CCrP 770, 771. CCrP 771 requires the judge to admonish the jury to disregard the comment. If admonishment is not sufficient to assure defendant a fair trial, the trial judge has discretion to order a mistrial.
On direct examination the prosecutrix asked one of the surveillance officers if he had personally observed the defendant when he drove by the scene and the officer replied, "Yes. Yes. I have known Mr. Young for a number of years." Defense counsel immediately objected and requested a mistrial, contending that the answer given by the officer implied that the defendant had a prior criminal record. The trial judge found that the remark did not refer to other crimes and was not prejudicial. The mere fact that a police officer has "known" a person for a number of years does not imply that that person has committed other crimes. See State v. Green, 409 So.2d 563 (La.1982), where a police officer witness referred to a bank robbery during his testimony. The court found that the testimony "did not have a connotation to the jury that *372 the defendant had committed a crime in addition to the robbery of Commonwealth", for which he was on trial. The remark in this case was even less suggestive of prior criminal conduct than that in Green. We find no error in the trial court's determination or in the exercise of its discretion in denying defendant's motion for a mistrial. State v. Harris, 383 So.2d 1 (La.1980).
The second assignment of error concerns a comment made by the same witness when recalled on rebuttal. The defendant had testified that he was "harassed" by the Shreveport police on previous occasions and had called other witnesses who testified that they had seen the defendant being searched on the street by the police. To rebut the inference of a frameup or continued "harassment" by the police, the state recalled the officer who had "known" the defendant. This testimony is complained of:
"Q. Prior to July 17, 1981, had you ever accosted or harassed without probable cause for an arrest Mr. Eddie Young in public?
"A. I would not call it harassing. We received numerous complaints that he was in the area dealingor controlled substances"
Defense counsel again objected and requested a mistrial, arguing that the comment made an impermissible reference to other crimes, the evidence of which is not admissible. The trial judge found that the defendant had opened the door to this type of testimony when he testified about harassment by the police.
The state is allowed to rebut evidence adduced by the defendant. The scope of rebuttal evidence is "to explain, repel, counteract or disprove facts given in evidence by the adverse party." State v. Monroe, 205 La. 285, 17 So.2d 331 (La.1944); State v. Constantine, 364 So.2d 1011 (La. 1978). Here the officer simply explained the harassment that the defendant and his witnesses had testified about. We find no error in this assignment.
The third assignment contends that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt upon the evidence in the record. The Supreme Court discussed the proper inquiry in determining sufficiency of evidence in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in this language:
"But this inquiry does not require a court to `ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Woodby v. INS, 385 U.S. [276] at 282, 87 S.Ct. [483] at 486 [17 L.Ed.2d 362] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 99 S.Ct. at p. 2789.
The undercover agent identified the defendant as the person who sold him the two tablets. The surveillance officers identified the defendant as fitting the description given them and they placed him at the scene of the transaction only minutes after it occurred. One of the surveillance officers knew the defendant. The pills that were purchased were proved to be phenmetrazine. On these facts, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt, and we find no error.
The defendant's last assignment of error is that his sentence of nine years is excessive and that the trial judge did not follow the guidelines set forth in CCrP 894.1. The maximum penalty under LRS 40:967 is ten years at hard labor and a $15,000 fine. In articulating CCrP 894.1 reasons for sentencing, the trial court is not required to address each and every factor listed. In State v. Lanclos, 419 So.2d 475 (La.1982), our supreme court recognized that "the articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions."
It was noted that a presentence investigation revealed that defendant had a substantial juvenile and adult record and *373 that he is ineligible for probation because he is a second felony drug offender. The probation officer recommended a lengthy confinement because of the defendant's failure to rehabilitate himself. The trial judge also noted that the defendant had a substance abuse problem for a number of years. The trial court considered these factors and found that the defendant would be likely to commit another crime if he was eligible for probation and that any lesser sentence would deprecate the seriousness of the offense. We find that the trial judge adequately complied with CCrP 894.1 and that the sentence imposed is not excessive.
The conviction and the sentence are AFFIRMED.