430 So.2d 798 (1983)
STATE of Louisiana
v.
Fletcher DIRDEN.
No. 82-KA-193.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
John M. Mamoulides, Paul Connick, Andrea M. Price, William C. Credo, III, Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, La., for defendant-appellant.
Before BOUTALL, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
A bill of information was filed against Fletcher Dirden on August 4, 1981 for the February 22, 1980 armed robbery of William Burgess. The record shows that the defendant and an unknown partner robbed an employee of a 7-11 Store at gun point. The defendant held the gun on the employee while his partner retrieved the money from the cash register. The jury found the defendant guilty as charged on October 1, 1982. The trial judge sentenced him to serve thirty years at hard labor. From this conviction and sentence, the defendant brought this appeal.
Initially, the defendant made two assignments of error; however, counsel for the defendant did not brief the first assignment of error. Therefore, under the authority of State v. Dewey, 408 So.2d 1255 *799 (La.1982), we consider the first assignment of error as abandoned and discuss only his second assignment of error. The second assignment of error involves the basis of the appeal, i.e., a review of the sentence imposed.
The penalty provision of the statute under which the defendant was convicted, R.S. 14:64(B), provides:
"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
The defendant contends the sentence of thirty years imposed by the trial judge was excessive and thus in violation of Article 1, Section 20 of the Louisiana Constitution. Further, he contends the trial judge, in imposing the sentence, failed to adhere to the provision of Code of Criminal Procedure Article 894.1, which provides as follows:
Art. 894.1. Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Added by Acts 1977, No. 635, § 1.
At the time of sentencing the defendant, the trial judge made the following observations:
"Mr. Dirden, you were tried and found guilty of the crime of armed robbery. I have given consideration to your particular status, your previous record, the seriousness of this offense, the fact that there was actually a gun used and according to the testimony of the witness which was actually pointed at him while the robbery took place. The seriousness of this type crime cannot be treated lightly. Accordingly, I'm going to sentence you to thirty years with the DepartmentState *800 of Louisiana, Department of Corrections at hard labor, with credit for time served."
As we understand Code of Criminal Procedure Article 894.1, it is, as its heading denotes, a Sentence Guideline for general application in imposing a sentence under the penalty provisions of the violated statutes where the statute gives to the court a discretion in type or extent of the punishment to be imposed. Under Part A of the article, a finding that either Part 894.1 A(1), (2) or (3) applies, is not only sufficient justification for imprisonment; but, in addition, under the wording of the statute, a legislative mandate to imprison a convicted defendant. Further, although not controlling, under Article 894.1 B, the trial judge is required to give weight to the eleven criteria set out in Part B of the article in determining whether the sentence should be suspended and the convicted defendant placed on probation. Additionally, when the accused is convicted of armed robbery as is the case here, under the holding in State v. Bell, 377 So.2d 275 (1979), imprisonment is mandatory and the trial court is not required to follow Parts A and B of the article.
Notwithstanding the above, in the instant case, although he did not phrase his findings in the same language as that contained in the article, the trial judge, by observing that the defendant was convicted of a serious crime which "cannot be treated lightly," did make a finding that all three sub-sections of Part A of the article were applicable. Thus, since the trial court properly imposed a prison sentence, the issue narrows to whether under the circumstances the length of the sentence is excessive punishment.
For a long time the Supreme Court interpreted Article 878 of the Code of Criminal Procedure which provides as follows:
"A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional."
as prohibiting review of sentences imposed within the statutory limits of the penalty provisions of the violated statute. Notwithstanding the article and the previous rulings, however, the State Supreme Court in State v. Sepulvado, 367 So.2d 762 (1979) held that although the sentence imposed is within the statutory limits of the penalty provisions of the violated statutes, it is nevertheless reviewable by an appellate court to determine whether it is excessive punishment under the provisions of Article 1, Section 20 of the Louisiana Constitution which provides as follows:
"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."
Having instituted the appellate review of a sentence for excessiveness, the Supreme Court in State v. Daranda, 398 So.2d 1053 (1981), concluded that in addition to Article 894.1 being the guideline to follow in sentencing a convicted defendant, compliance with the provisions by the trial court was an important aid to the appellate courts when called upon to review a sentence complained of as excessive under this constitutional provision.
From the penalty provisions of the statutes defining a particular crime, it is apparent the legislative desire was to permit sufficient discretion in imposing the sentence for the punishment to fit the crime convicted of in the particular circumstances of each case. The objective of the appellate review is not for appellate courts to derogate from legislative desire through rendition of opinions fixing rigid standards or rules for imposing sentences or straight jacket penalties which are to be imposed where particular criteria are present. Rather, its purpose and object is to correct an excessive sentence, taking into consideration the nature of the offense, the character of the offender, and the need for protection of the public interest.
Where the trial judge obtains a presentence report and complies with Parts *801 A and B of Article 894.1, it is of great assistance and, hence, highly desirable to us as a reviewing court. Just as ordering the presentence report is meaningless unless made available to the reviewing court, compliance with Parts A and B, Article 894.1 can be meaningless if the trial judge fails to comply with Part C of the article by stating the underlying data upon which the sentence is based and making that available to the reviewing court. Nevertheless, failure to obtain and/or make available a presentence report or failure to comply with Part C of Article 894.1 does not mandatorily require the sentence to be set aside and the case remanded for resentencing. See State v. Jett, 419 So.2d 844 (1982). Where, as here, there is sufficient illumination of the record to demonstrate the trial judge was not arbitrary in imposing the sentence, and considered the nature of the offense, the character of the offender and the need for protection of the public interest, it is not necessary to set aside the sentence and remand the case for re-sentencing. Only where the convicted defendant points out the existence of specific mitigating factors, such as, those enumerated in Part B of the article, and the trial judge has failed to consider or give weight to those specific factors, and his failure to do so may have resulted in the imposition of an excessive sentence, is it necessary to set aside the sentence and remand the case for resentencing.
In this case, although the trial judge did not state what the convicted defendant's status and previous conviction and record were, he did state that he did take those into consideration as well as the seriousness of pointing and holding a gun on the victim during the commission of the crime and, hence, concluded the crime should not be taken lightly. The convicted defendant, however, does not point out specific mitigating factors in his status or in his previous record, or of the particular circumstances involved in the commission of the crime or of any other mitigating factors which would lead us to believe the sentence imposed by the trial judge was excessive. Our purpose in reviewing the judgment is not to substitute the views and opinion of the appellate judges for that of the trial judge as to what constitutes a fair and equitable penalty under the circumstances. Rather, our review is for the purpose of protecting the convicted defendant from a sentence which is shown to be excessive because of the nature of the offense convicted or because the particular character of the convicted defendant or because the public interest requires his early rehabilitation and release rather than punishment for the convicted crime and protection from the potential commission of future crimes by the same defendant. Since the necessary showing was not made here, it is not necessary that we remand the case to determine what the defendant's status is (other than then reflected during his trial) or what his particular record or conviction was, for under the circumstances there is no reason for us to believe the sentence was excessive.
Accordingly, the conviction and sentence of the defendant is affirmed.
AFFIRMED.