GRISBAUM, Judge,
dissenting.
I respectfully dissent.
Unlike the majority, I do not find the trial judge’s remarks at the sentencing hearing comply with Louisiana Code of Criminal Procedure art. 894.1. The trial judge did not specify the nature of the seven arrests, and his subsequent comment —“in one conviction, you were sentenced to DeQuincy in 1979 and while armed you committed another crime” — is confusing, ambiguous, and obscure.
Upon further reflection, I can no longer subscribe to the reasoning expressed in State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983). The Court in Dirden, of whom I was a panel member, refused to remand the case for the trial court’s compliance with Louisiana Code of Criminal Procedure art. 894.1 nor did it find the sentence excessive. The Court reasoned that the convicted defendant did not point out specific mitigating factors in his status, his previous arrest and conviction record, or in the com *1202 mission of the crime, nor were any other mitigating factors delineated by which the Court could evaluate the excessiveness of the imposed sentence. I can find no authority for imposing upon a convicted defendant such a duty to demonstrate mitigating circumstances. As a practical matter, a convicted defendant would normally demonstrate mitigating circumstances at a sentencing hearing. However, Louisiana Code of Criminal Procedure art. 894.1 sets sentencing guidelines for trial judges. When complied with, it provides a framework for appellate review of a sentence. Where there has been a lack of compliance, such as the present case, an appellate court must refer to the record as a basis for evaluating the sentence.
I disagree with the majority’s finding that the record “clearly illumines” the trial judge’s sentencing choice. The record, in my opinion, is essentially sparse. The sparse record, along with the minimal remarks of the trial judge during sentencing, make it impossible for me to determine whether this sentence is excessive. This matter should, therefore, be remanded for the trial court’s compliance with Louisiana Code of Criminal Procedure art. 894.1.