442 So.2d 1257 (1983)
STATE of Louisiana
v.
James COCKERHAM, Jr.
No. 83-KA-453.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
*1259 John Standridge, Dennis Krystek, New Orleans, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Philip Boudousque, Asst. Dist. Atty., Parish of Jefferson, State of La., Andrea M. Price and William Credo, III, Asst. Dist. Attys., Research and Appeals, Gretna, for plaintiff-appellee.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
Defendant, James Cockerham, Jr. was charged by Bill of Information with a violation of R.S. 14:64 (armed robbery). After pleading not guilty, the defendant was tried and found guilty as charged by a jury and the trial judge imposed a sentence of twenty years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction submitting four assignments of error.

FACTS
On July 23, 1982, at about 10:27 P.M. Elizabeth Gilbert, an assistant manager for Tenneco Oil Co. assigned to store # 4116 located in Kenner, Louisiana, was preparing to deposit cash receipts into the store safe. As she was filling out the deposit envelope,
[T]his man walked into the store and told me to put the money in a paper bag. I looked at him and laughed and thought that it was a joke and he said, "No, I'm serious." He pulled his shirt up to where I could see a gun and he said for me to hurry and that's when I started putting the money in the paper bag. Then he asked me to open the register and put the money in the bag and I did that. Then he told me to lay down on the floor, which I did, and then he left.
Immediately following the robbery, she gave a description of the perpetrator to the investigating officers. On August 3, 1982, Detective Henry Richardson of the Narcotics Division of the Kenner Police Department went to interview another employee at the above Tenneco location concerning an unrelated incident. While he was there, Ms. Gilbert asked to see the photo lineup he was displaying to the other employee. She viewed the twelve photos, stopping briefly at photograph # 4. After looking at all the photos, she returned to # 4 and identified the person depicted as the perpetrator of the armed robbery. Photograph # 4 was identified as the defendant, James Cockerham, Jr.
At trial, the defendant produced an alibi defense. His mother, aunt, and cousin testified that he was in Alexandria from July 19-25 and accounted for his activities during that time period. A traffic accident report from July 22nd and his mother's phone records were introduced at trial to substantiate the witnesses' testimony.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment, the defense asserts that during direct examination of the victim by the District Attorney, the state's witness *1260 was permitted to repetitively restate the sequence of events of the holdup, and that such repetitiveness over emphasized the crime and unduly prejudiced the jury.
The State's entire case in tthis matter was based on the identification by the victim, Ms. Gilbert, of the defendant as the perpetrator of the armed robbery. Factors determining the reliability of an identification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the time of the identification, and the time between the crime and the identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and State v. Lindsey, 404 So.2d 466 (La.1981).
In reiterating the sequence of events of the robbery, it is readily apparent that the state was attempting to demonstrate to the jury that the victim had ample opportunity to view the perpetrator at close proximity, under good lighting conditions, rather than to overemphasize the crime as urged by the defense. The record reflects that twice the State made the victim demonstrate to the jury how the defendant had shown her the gun in his belt. Although this demonstration was repetitive, its relevancy became obvious later in the case. The defendant has a scar on his left arm and this was not observed by the victim during the commission of the crime; thus, the question of how prominently the defendant's left arm was displayed to the victim was important. The State's repetitiveness in having the victim show that the defendant reached for the gun with his right hand was relevant to the case and further, the examination was not unduly prolonged; therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
The defense asserts that misstatements of fact and of inferences to be drawn from evidence were made by the state during closing argument, and that such remarks deprived the defendant of a fair trial.
ARGUMENT
The defense in brief cites three portions of the state's closing argument and rebuttal that it now finds objectionable. A reading of the transcript reveals no defense objection at the designated portions of the record. Nor does it reveal any objection regarding the issues argued in brief which could have been deemed continuing.
C.Cr.P. art. 841 provides in pertinent part "[a]n irregularity or error cannot be complained of after the verdict unless it was objected to at the time of the occurrence."
The contemporaneous objection rule has two purposes: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem, and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982).
The law is well established that a reviewing court will not consider an objection raised for the first time on appeal. State v. Skipper, 387 So.2d 592 (La.1980). We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 3
By this assignment, the defense asserts that the remarks made by the state during rebuttal argument constituted impermissible comment concerning other crimes perpetrated by the defendant and that the trial court's failure to grant a mistrial under the circumstances was reversible error.
The disputed portion of the rebuttal argument is excerpted:
Ladies and gentlemen, although we do have a crime here, as mentioned, the defense counsel would have us progress to the point that every time a crime is committed that we have a video tape and a cataloguing of the entire incident and it would tell us the man's name and his license number and then we would just go to his house and arrest him. That is not common sense, but with common *1261 sensethere are many robberies that occur with no other evidence except that someone goes into a Tenneco Station or a Time Savers and sticks a gun in someone's face and says, give me your money or give me your life.
C.Cr.P. art. 770 provides in pertinent part
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
. . . .
An admonition to the jury to disregard the remark or comment shallnot be sufficient to prevent a mistrial.....
The transcript of the rebuttal argument reveals no attempt to link the defendant with any robbery other than that charged. Rather, the comments of the prosecutor appear to be an apology to the jurors for the quantity of evidence produced at trial by the state coupled with an explanation that crimes such as the armed robbery of a convenience store often produce few tangible clues leading to the identity of the perpetrators. The expressions "Tenneco or Time Saver" have become generic terms in the vernacular to mean convenience stores.
The comments constitute an answer to the closing argument of defense counsel where it was asserted that the state produced insufficient evidence upon which to base a conviction.
Yes, ladies and gentlemen, I'm going to tell you that a minute and a half is not a very long period of time. Who is able, after that short period of time, to come in here and say that this is the man that did it. She said I am positive. I am positive and I am so sure about this that I am going to come in here and ask you to convict this person based on that testimony...
Accordingly, the remarks of the prosecutor fall within the proper scope of rebuttal as set forth in C.Cr.P. art. 774, which provides;
The argument shall be confined to evidence admitted, to the lack of evidence to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Even if arguably improper in content (mention of a store which was not robbed), the remark did not fall within the specific grounds for a mistrial under C.Cr.P. art. 770, supra. Nor did the comment amount to prejudicial conduct that would make it impossible for the defendant to obtain a fair trial, mandating a mistrial under C.Cr.P. art. 775.
The remedy available to the defendant is designated by C.Cr.P. art. 771 which provides for an admonition by the trial court when an irrelevant or immaterial remark of such a nature that it might create prejudice against the defendant is made by the prosecutor within the hearing of the jury.
In the instant case, the court ruled as follows, "[t]he court denies the motion for mistrial and this court instructs the jury to disregard any comment about any other armed robbery because we are only concerned today with the alleged armed robbery that is before this court."
Although, overruling the objection, the trial judge admonished the jury to disregard any argument concerning extraneous offenses. Accordingly, the defendant was given the remedy afforded by Article 771.
The law is well established that a reviewing court will not overturn a conviction on ground of improper argument unless the court is thoroughly convinced that the remarks influenced the jury and contributed *1262 to the verdict. State v. Johnson, 406 So.2d 153 (La.1981).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4
By this assignment, the defense asserts that the trial court erred in failing to grant defendant's Motion for New Trial which alleged that the state failed to prove beyond a reasonable doubt that the defendant was guilty of armed robbery.
C.Cr.P. art. 851 provides in pertinent part "[t]he Motion for New Trial is based upon the supposition that injustice has been done the defendant, and, unless such is shown to have been the case, the motion shall be denied, no matter upon what allegation it is grounded."
La.R.S. 14:64 defines armed robbery as "[t]he theft of anything of value from the person of another or which is in the immediate control of another by use of force or intimidation, while armed with a dangerous weapon."
In order to convict a defendant of armed robbery, the following must be proven:
1.) that the defendant committed the theft of something of value belonging to another; and
2.) that the thing of value stolen was in the possession or in the immediate control of the victim when it was stolen; and
3.) that the defendant used force or intimidation against the victim in order to accomplish the theft; and
4.) that the defendant was armed with a dangerous weapon.
The victim in the present case testified that the perpetrator stole the cash deposit she was preparing for the bank and also money from the register. As the cashier, the monies were in her control, and were turned over to the perpetrator because he displayed a gun to her and intimates its use. The evidence presented satisfies all the elements of the offense of armed robbery.
Upon review, either by the trial court pursuant to the provisions of C.Cr.P. art. 821 or upon the appeal of the case, the Jackson standard is utilized to determine the sufficiency of the evidence.
In Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
The key issue in this case, however, was not whether the crime had been committed, but whether it was the defendant who committed it. Employing the Jackson standard set forth above, the state was required to negate any reasonable probability of misidentification in order to carry its burden of proof.
At trial, the victim testified she observed the robber at close range for about 90 seconds. She gave a description of the subject to the police shortly after the incident which substantially conformed to the defendant's characteristics, except for a scar on his left arm. Shortly thereafter the victim selected the defendant's photograph from a lineup. In addition, she made two in-court identifications and testified she was positive that the defendant was the perpetrator of the armed robbery.
The defendant offered alibi testimony which placed him in Alexandria at the time of the offense. To corroborate the testimony, a police report of an accident occurring on July 22, 1983, in Alexandria involving the defendant and his car was introduced. The report reflects that the damage was moderate and the vehicles were moved prior to the investigating officer's arrival on the scene. It is reasonable to assume that the damage to the defendant's vehicle did not render it inoperable. Also presented was the defendant's mother's telephone bill which reflects numerous calls to Alexandria during the period the defendant was alleged to have been there.
It is not the function of an appellate court to evaluate the credibility of witnesses and overturn the trial court on its *1263 factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983).
The jury apparently evaluated the alibi testimony presented and declined to accept it as evidence conclusive of the defendant's presence in Alexandria at the time of the robbery.
As noted in State v. Arnaud, 412 So.2d 1013, 1019 (La.1982), "[i]t is the jury's job to determine the credibility of the testimony, and we will not second-guess them in this case."
Viewing all the evidence in the light most favorable to the prosecution and recognizing the state's burden to negate any reasonable probability of misidentification, it appears that sufficient evidence was produced for a reasonable trier of fact to conclude beyond a reasonable doubt that the defendant was the perpetrator of the armed robbery of Ms. Gilbert.
This assignment lacks merit and the ruling of the trial court is affirmed.
Accordingly and for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.