KLIEBERT, Judge.
Defendant was charged by bill of information with possession with intent to distribute a controlled dangerous substance, to-wit: pentazocine, in violation of La.R.S. 40:967. After trial by jury, she was found guilty as charged. On September 29, 1982, the trial court sentenced the defendant to ten years at hard labor. Defendant has now appealed her conviction and sentence to this court, urging in her brief one assignment of error; i.e., the trial judge failed to delineate his reasons for imposing sentence, which sentence was nonetheless excessive, in violation of C.Cr.P. art. 894.1 and Article I, Section 20 of the Louisiana Constitution.
As we stated in State of Louisiana v. Dirden, 430 So.2d 798 (5th Cir.1983) at page 800:
“.... Code of Civil Procedure Article 894.1 _is_a Sentence Guideline for general application in imposing a sentence under the penalty provisions of the violated statutes where the statute gives to the Court a discretion in type or extent of the punishment to be imposed.a finding that either Part 894.1 A(l), (2) or (3) applies is not only sufficient justification for imprisonment; but, in addition, under the wording of the statute, a legislative mandate to imprison a convicted defendant. Further, although not controlling, under Article 894.1 B, the trial judge is required to give weight to the eleven criteria set out in Part B of the article in determining whether the sentence should be suspended and the convicted defendant placed on probation....”
While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Duncan, 420 So.2d 1105 (La.1982).
The record reflects that a pre-sen-tence investigative report was conducted by the Department of Corrections and that defense counsel filed a “memorandum in preparation of sentencing” and orally argued mitigating points in favor of the defendant prior to sentencing. Defendant’s counsel, in brief and in oral argument before the sentencing judge, contended the defendant had been law abiding since her previous conviction; was a responsible person who worked and got along with her co-workers and neighbors; was in difficulty now only because of her association with a drug peddler, and this association resulted from the death of her mother, father and brother in a short period. Therefore, he argued the defendant was a good subject for suspension of sentence or probation and incarceration would be an undue hardship on her two young children.
In sentencing the defendant, the trial judge noted the above, and especially that the defendant was the mother of small children and has lost members of her family. The trial judge also noted that the defendant had a previous criminal history involving a violent crime. He considered the testimony which showed that the defendant had actually and knowingly sold illegal drugs involved in this case and was apparently selling these drugs indiscriminately. Since the trial judge saw no excuse for the defendant’s conduct, he concluded that any lesser sentence would deprecate the seriousness of the crime for which the defendant was convicted.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and sentences imposed by him shall not be set aside as excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 *1224 (La.1982); State v. Bing, 410 So.2d 227 (La.1982).
After a careful review of the record, we believe the trial judge gave a proper consideration to the various mitigating factors presented to him on behalf of the defendant. Under the circumstances involved in this case, we cannot say that the sentence imposed was unconstitutionally excessive. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.