PER CURIAM.
Sammy Gray appeals his conviction by a unanimous jury of simple robbery and his sentence to 5½ years at hard labor. LRS 14:65.
He contends that the state should have produced a police report, that improper prosecutorial argument and an “other crimes” remark by a police witness should have compelled a mistrial, and that his sentence was not articulated in accord with CCrP Art. 894.1 and is constitutionally excessive. We find no error and affirm.
The victim identified defendant in a photo-line-up and at the trial as one of three men who choked and robbed him of $107.
Defendant’s assignment relating to the police report arose when a detective, while testifying, said that he had reviewed his report before he took the witness stand. Defendant’s motion to have the report produced was denied. This was not error. A *120 witness may testify from his memory even though it has been refreshed by reading over his police report before taking the stand. Where the officer does not refer to the report while testifying, it is not error for the trial court to deny production of the report. State v. Kimble, 407 So.2d 693, 697 (La.1981).
The assignments relating to “other crimes” arose when a police witness, who was asked whether he knew defendant, replied, “I have dealt with him in the past,” and when the prosecutor, in rebuttal, emphasized that the defense lawyer had not asked defendant about a prior conviction.
The mere fact that a police witness answers an innocuous question that he has “dealt with” a defendant in the past, or has “known” him, does not imply that defendant has committed other crimes. State v. Young, 426 So.2d 370 (La.App. 2d Cir. 1983). We find no error in the trial court’s denial of a new trial.
The prosecutor’s rebuttal argument complained of is quoted:
“You have got to ask yourself this. First of all, why believe Mr. Rachal or Mr. Gray over the other? And answer it this way. First of all, the law allows you to discredit the testimony of anybody that has been convicted of a prior offense. Now Mr. Goorley wants you to believe that I speculated or tried to put in your mind that there was a conviction. What he does not tell you is that both sides have the right to impeach a witness. And Mr. Gray never, he was never asked by Mr. Goorley about a prior conviction. So he never denied it, but I asked him about it—”
Defendant objected and moved for a mistrial. The court sustained the objection and denied the mistrial. Defendant argues that this was improper argument outside the scope of CCrP Art. 774 and was prejudicial to the extent that a mistrial should have been granted. We cannot agree.
The jury was told that the argument of counsel was neither facts nor law. Our assumption that the prosecutor misstated the law in the argument does not require a reversal unless we are thoroughly convinced that the improper remarks influenced the jury and contributed to its verdict. State v. White, 430 So.2d 174, 181 (La.App. 2d Cir.1983). The critical issue determined by the jury was whether to believe the victim or to believe defendant. Defendant admitted he was with the victim at the time in question, but, for $10 paid by the victim, procured, a prostitute for the victim. Defendant testified that the victim returned to him claiming that the prostitute “clipped” him and that the victim threatened to accuse defendant to the police if defendant did not help him get his money back. Under these circumstances we are not at all convinced that the prosecutor’s alleged improper argument influenced the jury. See also State v. Moore, 432 So.2d 209 (La.1983).
The record at the sentencing hearing shows that the trial judge considered each of the mitigating circumstances and aggravating circumstances of CCrP Art. 894.1. Defendant was convicted of distribution of CDS in 1981 and was on five year felony probation when this crime occurred. The trial court recited defendant’s prior criminal history. The maximum sentence for simple robbery is seven years. Among other things, the trial court determined that defendant was in need of correctional treatment and that defendant’s experience and attitude indicated that he would likely commit “more crime.” Even if the trial court did not consider the “less onerous sentencing alternative” of a fine, as defendant argues, the sentence is not excessive.
Defendant’s conviction and sentence are AFFIRMED.