GAUDIN, Judge.
Appellant is Walden A. Scott, who was convicted of obtaining a controlled dangerous substance by misrepresentation, fraud, forgery, deception or subterfuge, as prohibited by LSA-R.S. 40:971B(1).
On appeal, he assigns three errors:
(1) His motion for judgment by acquittal [1] should have been granted,
(2) The evidence was insufficient to support a conviction, and
(3) The sentence imposed, two years in parish prison, suspended, and two years of active probation, was excessive.
Assignment (3) was neither briefed nor argued, and was therefore abandoned. See State v. Dewey, 408 So.2d 1255 (La.1982), and State v. Dirden, 430 So.2d 798 (La. App. 5th Cir.1983).
We find no merit in assignments (1) and (2), and we affirm Scott’s conviction and sentence.
Appellant was charged with violating R.S. 40:971B(1), which, in pertinent part, reads:
“It shall be unlawful for any person knowingly or intentionally:
“To acquire or obtain possession of a controlled dangerous substance by misrepresentation, fraud, forgery, deception or subterfuge ...”
This was a bench trial, and the State’s case consisted of the testimony of an arresting police officer and several significant stipulations. From this evidence, the prosecution proved that Scott entered a K-Mart pharmacy and presented a prescription for 20 percodan pills.[2] The prescription, supposedly prepared by Dr. S.D. Bul-lard for a James Wilson, was forged. This was discovered by the druggist when he telephoned Dr. Bullard’s office for verification of the prescription and was told that *1137 the doctor had no James Wilson as a patient.
Two policemen went to the drug store and stopped Scott after he had paid for the pills and was leaving. The officer who testified said that Scott "... stated that he was picking it up for a friend.” Scott offered no further information or explanation, and he was placed under arrest.
After the officer testified, the defense moved for judgment of, acquittal, which was denied, and then rested without calling any witnesses or offering any evidence. The trial judge then found Scott guilty.
Assignments of error (1) and (2) were briefed and argued jointly. Scott’s major contention is that the State failed to prove, by direct or circumstantial evidence, that he had guilty knowledge or criminal intent.
Scott points out that he did not attempt to run away, and that this suggests a lack of guilty knowledge or criminal intent. However, Scott was stopped by two police officers, and he had no plausible opportunity to flee.
As the statute in question does not mention or require specific criminal intent, only general criminal intent must be shown. See State v. Simmons, 443 So.2d 512 (La.1983), particularly sections (10) and (11) at page 521.
General criminal intent exists when the circumstances indicate that the prohibited result may reasonably be expected to follow the offender’s voluntary acts, irrespective of any subjective thoughts or ideas he may have. See State v. Elzie, 343 So.2d 712 (La.1977); and also LSA-R.S. 14:10(2), which says:
“General criminal intent is present ... when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from the act or failure to act.”
In the instant ease, the State proved (1) that the prescription was a forgery, not written by Dr. Bullard, (2) that James Wilson was not one of the physician’s patients and (3) that Scott did pay for and obtain the controlled dangerous substance with the forged prescription.
In State v. Goiner, 410 So.2d 1085 (La. 1982), the Supreme Court of Louisiana said:
“The question of sufficiency of the evidence is a matter not for this Court, but for the jury or trial judge. However, the proof must be sufficient to convince the trier of fact of the existence of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 [, 99 S.Ct. 2781, 61 L.Ed.2d 560] (1979); State v. Landry, 381 So.2d 462 (La.1980); State v. Byrd, 385 So.2d 248 (La.1980).”
Here, the trial judge obviously felt that the adduced proof, which included some direct evidence along with the circumstantial evidence establishing Scott’s general criminal intent, was sufficient to prove beyond a reasonable doubt the necessary elements of the crime Scott was charged with.
On appeal, we apply the standard of review proclaimed in Jackson v. Virginia, supra, in State v. Jessie, 429 So.2d 859 (La.1983), and in numerous other Louisiana decisions. These cases hold that there was sufficient evidence for a conviction if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
We are of the opinion that the trial judge did not err in finding the essential elements of R.S. 40:971B(1) proven beyond a reasonable doubt.
Scott would have us apply the more stringent standard of review discussed in State v. Williams, 423 So.2d 1048 (La. 1983), wherein the Supreme Court of Louisiana, citing LSA-R.S. 15:438, stated that convictions based on circumstantial evidence must exclude every reasonable hypothesis of innocence. However, the Court noted that “... the state’s case is built solely on circumstantial evidence,” unlike the case against Scott.
Also, the defendant in State v. Williams was convicted of second degree murder, a specific intent crime.
*1138 For these reasons, we affirm appellant's conviction and sentence.
AFFIRMED.
CURRAULT, J., dissenting with written reasons.

. As authorized by LSA-C.Cr.P. art. 778.

. A controlled dangerous substance, according to stipulation and LSA-R.S. 40:964, Schedule II.