466 So.2d 649 (1985)
STATE of Louisiana
v.
Michael CAPANO.
No. 84-KA-435.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*650 John M. Mamoulides, Dist. Atty., Gerald Alonzo, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
John H. Craft, Staff Appellate Counsel, Gretna, for defendant-appellant.
Before KLIEBERT, CURRAULT and GRISBAUM, JJ.
KLIEBERT, Judge.
Michael Capano was arrested and charged with the July 22nd, 1983 armed robbery of Fred Townson. He was tried and found guilty of simple robbery, in violation of La.R.S. 14:65, by a twelve member jury. After a presentence investigation report was received, the trial court sentenced the defendant to serve seven years at hard labor with credit for time served. It is this conviction and sentence from which the defendant now appeals.
The facts adduced at the trial were as follows: The victim, Fred Townson, met Andrea Gilbert Capano, the defendant's wife, at a restaurant where she was employed and asked her to go out with him. She agreed to go home with him for $100.00. They agreed to meet at a lounge after she had finished working for the night.
The victim parked his car in the parking lot near the lounge. Andrea Capano arrived and told the victim that her mother-in-law was in the lounge and that he should drive his car around the back of the lounge, to keep his car unlocked, and to wait for her. Townson then went into the lounge and after speaking with Andrea Capano briefly decided to return to his car.
As the victim was sitting in his car, two men, one of whom was identified by the victim as the defendant, robbed him of $1,800.00 at gunpoint. Townson testified that both men punched him when he refused to give them his money and the defendant hit him with the butt of a gun.
The defendant was arrested at his home in Kenner, Louisiana and $900.00 was seized from inside a light switch box at his residence.
The defendant does not deny that the robbery took place, but he denies his active participation in it. He claims that his wife thought of the idea to rob Townson and that although the other robber, identified as Brian Colburn, agreed to the plan to rob the victim, he did not agree to participate in the robbery and that he just happened to be near the victim's car when he observed Colburn hitting the victim. He further testified that he ran when he saw Colburn running after the robbery occurred.
The defendant cited three assignments of error. However, the assignment of error dealing with the suppression of evidence was not briefed and is therefore considered abandoned. Uniform Rules *651 Courts of Appeal, Rule 2-12.4; State v. Smith, 452 So.2d 251 (5th Cir.1984).
We consider first the defendant's assignment of error that the trial court's ruling permitting defendant's wife to testify at the trial concerning the content of privileged conversations between the defendant and his wife was error.
La.R.S. 15:461 provides, in pertinent part:
"The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but;
(1) Private conversations between husband and wife shall be privileged.
(2) Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other."
As was stated in State v. Bennett, 357 So.2d 1136 (La.1978):
"This statute, in effect, creates two distinct privileges. The first of these is the privilege which attaches to private conversations between husband and wife and which may be asserted by the defendant-spouse. Secondly, the statute establishes a privilege in favor of a spouse called to testify against the other spouse by providing that neither spouse shall be compelled to be a witness against the other in a criminal proceeding. The exercise of this privilege rests with the testifying spouse alone and may not be invoked by the defendant-spouse. The statute, however, does not prohibit a spouse from waiving this privilege and voluntarily taking the stand against the other spouse to testify to nonprivileged evidence. State v. Triplett, 313 So.2d 227 (La.1975)."
At the trial, the defendant's wife, after waiving her privilege not to do so, testified as to telephone conversations which she had with the defendant prior to the robbery and while they were in custody. According to the wife, the conversation prior to the robbery consisted of a discussion of plans to rob the victim while the conversation subsequent to the robbery consisted of a description as to how the robbery took place and his participation in the robbery.
The defendant failed to object to any of the testimony offered by his wife. In addition, defense counsel cross-examined the defendant's wife as to the conversations about which she testified.
Article 841 of the Louisiana Code of Criminal Procedure provides in pertinent part that: "... [a]n irregularity or error cannot be availed of after the verdict unless it was objected to at the time of the occurrence."
The contemporaneous objection rule has two purposes: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem, and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982); State v. Cockerham, 442 So.2d 1257 (5th Cir.1983).
The law is well established that a reviewing court will not consider an objection raised for the first time on appeal. State v. Skipper, 387 So.2d 592 (La.1980); State v. Cockerham, supra. The defendant's objection to the testimony comes too late, hence, the assignment of error has no merit.
In his last assignment of error, the defendant argues the trial court failed to comply with sentencing guidelines of C.Cr.P. Article 894.1 and imposed an excessive sentence in violation of the Louisiana Constitution of 1974, Article 1, Section 20.
Article 1, Section 20 of the Louisiana Constitution prohibits cruel, excessive, or unusual punishment. Under the jurisprudence, although the trial court need not articulate every aggravating and mitigating circumstance presented in Article 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. State v. Roussel, 381 So.2d 796 (La.1980); State v. Dirden, 430 So.2d 798 (5th Cir.1983), State v. Butler, 450 So.2d 764 (5th Cir.1984).
*652 As stated in State v. Lathers, 414 So.2d 678, 680 (La.1982), the reviewing court should "vacate a sentence and remand for resentencing in those instances in which the sentence is disproportionately severe when viewed in light of the offense committed and the reasons for such a sentence do not appear in the record ..." The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender. State v. Telsee, 425 So.2d 1251 (La.1983). State v. Lathers, supra; State v. Jack, 448 So.2d 725 (5th Cir.1984).
A sentence for simple robbery may range from imprisonment with or without hard labor for not more than seven (7) years plus a discretionary fine of not more than $3,000.00. Defendant's seven year sentence is the maximum allowable sentence which could be imposed for a crime of simple robbery.
The defense counsel argued to the trial court the following mitigating factors: (1) the defendant's age, 16 at the time of the offense, 17 at the time of trial; (2) this was the defendant's first offense as an adult; (3) the defendant's juvenile offenses did not involve violence, and (4) the defendant was not the instigator of the crime, as the basis for probation or a less than maximum sentence.
In response to the defendant's contention, the trial judge who had the benefit of a pre-sentence investigation report said:
"Thank you very much for your recommendations, Mr. Burvant. However, as you are aware, I have allowed you to see the presentencing investigation in this matter. The pre-sentence investigation indicates that Mr. Capano apparently since his mid-teens has been in a great deal of trouble in his home Parish and the recommendation of the probation Officer is that there be no leniency in connection with this matter and that probation is not recommended. It is apparent to me in this situation, that, as I indicated before. If it were not for your excellent representation in this matter, this young man would have been found Guilty of the crime of armed robbery. But since the Jury has not found him Guilty of armed robbery, the Court will certainly abide by that decision. However, under the Provision of Article 894.1, the Court operating under the provision of paragraph-A, of that particular act, I should enforce the maximum sentence in this matter, because to release him would be an undue risk. A suspended sentence or probation, the Defendant will commit another crime, since he has committed crimes regular, he is in need of correctional treatment as a custodial environment that can be provided most effectively by his commitment to an institution. Even though his employer said that Mr. Capano was a hard worker, the Court does not believe that Mr. Capano will respond to any type of probation in this matter. Accordingly the Court is going to sentence Mr. Capano to 7 years at hard labor with the Department of Corrections of the State of Louisiana.
We are of the opinion that the trial court adequately complied with the obligation to particularize the sentence to the nature of the offense and the offender involved and therefore we find no merit in this assignment of error.
Accordingly, the conviction and sentence of the defendant by the trial court is affirmed.
AFFIRMED.