542 So.2d 651 (1989)
STATE of Louisiana
v.
Bobby ISAAC.
No. 88-KA-899.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
*652 Craig Champagne, Kurt Sins, Asst. Dist. Atty., Hahnville, for plaintiff-appellee.
Ike Spears, New Orleans, Joel Chaisson, II, Destrehan, Kirk Granier, Luling, for defendant-appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant, Bobby Isaac, was charged by bill of information with violation of R.S. 14:65, simple robbery. Defendant entered a not guilty plea at arraignment. A jury trial was held and an unanimous verdict of guilty was returned. The defendant was sentenced to six years at hard labor. This appeal followed and the appellant alleges four assignments of error.

FACTS
On October 6, 1987, shortly before 4:00 a.m., Cathy Matherne was working as a store clerk at Time Saver in Paradis. Hearing someone enter the store she walked to the front to help them. One of the two people that entered grabbed her and said, "Give me all your money." She opened the cash register and the perpetrators took all the money. They then fled from the store.
When they left, Ms. Matherne yelled to some customers who were outside pumping gasoline that she was just robbed. These customers chased the perpetrators and obtained the license plate number on the getaway car.
The police ran the number on the computer and discovered it belonged to Bobby Isaac of Raceland, Louisiana. Mr. Isaac was stopped in Raceland the next day.
The police conducted a photographic lineup and Ms. Matherne positively identified the photograph of Bobby Isaac as one of the two persons who robbed her the day before. The police subsequently arrested Mr. Isaac for the robbery.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to suppress the photographic lineup and all derivative evidence.
Defendant argues the photographic line-up was unduly suggestive as the six pictures presented to the witness were not similar. In fact, the picture of the defendant, he argues, was a darker, richer photograph and the only photograph where the subject was wearing a large, shaggy afro-hairstyle.
This court in State v. Smith, 520 So.2d 1305 (La.App. 5th Cir.1988) noted:
A defendant who seeks to suppress an identification must prove that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Lowenfield, 495 So.2d 1245 (La.1985); State v. O'Neal, 478 So. 2d 1311 (5th Cir.1985). Photographs employed in a lineup are suggestive if they *653 display a defendant so singularly that the witness' attention is unduly focused on the defendant. State v. Medford, 489 So.2d 957 (5th Cir.1986). Strict identity of physical characteristics among the persons depicted in the photographic array is not required; all that is required is a sufficient resemblance to reasonably test the identification. Smith, supra; Medford, supra. This determination is made by examining articulable features of the pictures such as height; weight; build; hair color, length and texture; facial hair; skin color and complexion; and the shape and size of the nose, eyes, lips, etc. State v. Guillot, 353 So.2d 1005 (La.1977); State v. Medford, supra. At p. 1307.
In reviewing the six photographs, the six subjects depicted are black males, all around the same age, all with facial hair. Although all six subjects have close hair cuts, defendant's picture is the only picture with a long shaggy hairstyle in the back.
Even should the identification be considered suggestive, this alone does not violate due process, for it is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. Smith, supra.
The United States Supreme Court addressed the issue in Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977) noting:
We therefore conclude that reliability is the linchpin in determining the admissibility of identification testimony for both pre- and post-Stovall confrontations. The factors to be considered are set out in [Neil v.] Biggers, 409 U.S. [188] at 199-200, 93 S.Ct. [375] at 382 [34 L.Ed.2d 401 (1972).] These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
Defendant was identified as one of the perpetrators of the robbery by the store clerk. She testified that when defendant grabbed her she looked up at his face and kept looking at his face for thirty seconds.
Upon being presented the photographic lineup, she immediately picked defendant's picture out as one of the defendant's. This lineup occurred the day after the robbery. Again at trial the witness picked the defendant out as one of the persons who committed the robbery.
Weighing the indicia of reliability against any possible suggestiveness in the identification, it is clear there is not a significant chance of misidentification.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in not allowing the defense attorney to re-cross examine the victim regarding a photograph (prosecution exhibit number 3).
The scope of redirect examination is guided by R.S. 15:281 which provides:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.
At issue is a photographic identification of the defendant. On direct examination the state presented six photographs which comprised the photographic lineup. On cross-examination the defense attempted to discredit the photographic lineup. Defense emphasized defendant had a beard yet the witness told the police he was clean shaven. On redirect the state presented another photograph of defendant. The witness again identified the photograph was depicting the person that robbed her.
The court denied defendant a chance to re-cross on the new picture claiming that the issue was raised in his original cross-examination.
*654 Here the issue is purely identification; thus, no new issue was raised by the redirect and the court did not err in refusing to allow the defense to re-cross examine the witness.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
The trial court erred in failing to limit the prosecution's cross-examination into the defendant's prior conviction.
Defendant argues the state improperly impeached defendant pursuant to R.S. 15:495.
R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
On direct examination defendant testified that he had previously been convicted of armed robbery though he didn't do it.
On cross-examination the state questioned defendant as to this conviction. The state questioned the defendant as to the Boykin hearing since he stated he pled guilty to the offense. Here the defendant was contradicting himself by proclaiming he didn't commit the offense yet also having pled guilty to the offense, it is fair to allow the state to cross-examine the defendant to attempt to find the truth or to impeach his credibility.
In State v. Bennett, 454 So.2d 1165 (La. App. 1st Cir.1984), writ denied, 460 So.2d 604 (La.1984), the defendant claimed he did not know his rights. The court allowed the state to cross-examine the defendant as to this claim. "Since Bennett opened the evidentiary door, he cannot now complain about the state walking through it."
In the present case, like Bennett, defendant opened the evidentiary door by admitting his prior conviction but denying his guilt at the same time.
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
The sentence was excessive.
Defendant was convicted of violating R.S. 14:65 simple robbery which provides: "Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars imprisoned with or without hard labor for not more than seven years, or both."
In sentencing the defendant to six years imprisonment at hard labor, the trial judge noted defendant's prior conviction for simple robbery, which had been reduced from armed robbery. The judge also noted that apart from the defendant's contention, it appears he was introducing his lifestyle of crime to two juveniles. In conformity with C.Cr.P. art. 894.1, the trial judge noted there to be an undue risk that during a period of a suspended sentence or probation defendant would commit another crime; defendant was in need of correctional treatment or custodial environment that can be provided most effectively by commitment to an institution; and that a lesser sentence would deprecate the seriousness of this crime.
In State v. Capano, 466 So.2d 649 (La. App. 5th Cir.1985), this court upheld a sentence of seven years for defendant who has a history of criminal activity and was convicted of simple robbery. A sentence of five years at hard labor for conviction of simple robbery was upheld in State v. Gray, 448 So.2d 119 (La.App. 2nd Cir.1984), writ denied, 452 So.2d 695 (La.1984).
An error does appear in the sentencing as defendant was not given credit for time served prior to sentencing as required by C.Cr.P. art. 880. Thus, the sentence *655 must be corrected to include credit for time served as mandated by law.
This assignment of error is without merit.
Accordingly, for the foregoing reasons, we affirm the conviction and amend the sentence to provide credit for time served and, as amended, affirm the sentence.
AMENDED AND AS AMENDED, AFFIRMED.