COVINGTON, Judge.
Defendant, Keith Morgan, was charged by a bill of information with the crime of armed robbery, in violation of La.R.S. 14:64. Defendant initially pled not guilty; but during the trial, defendant withdrew his not guilty plea and entered a plea of guilty.
The trial judge accepted defendant’s guilty plea, and subsequently sentenced him to fifteen years at hard labor, without benefit of probation, parole or suspension of sentence.
Defendant appeals the sentence, his only assignment of error being that the trial judge imposed an excessive sentence.
The Louisiana Constitution of 1974, Article 1, Section 20 provides that no law shall subject a person to “... cruel, excessive, or unusual punishment.”
Excessive punishment in Louisiana has been defined by Louisiana courts, e.g., State v. Crook, 253 La. 961, 221 So.2d 473, 476 (1969), as that which is:
[b]arbarous[,] extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.
Generally, a sentence is unconstitutional when it is nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. In determining whether a sentence is grossly disproportionate to the severity of the crime, this Court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the punishment is so disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
A sentence imposed upon a defendant following a verdict or judgment of guilty may be within the statutory limits, yet violate the defendant’s right against excessive punishment under Article 1, Section 20 of the Louisiana Constitution of 1974, and hence is reviewable, according to our Supreme Court, by the appellate courts. State v. Sepulvado, 367 So.2d 762 (La.1979). The guidelines provided in LSA-C.Cr.P. art. 894.1 furnish the appropriate criteria by which to review whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Walker, 414 So.2d 1245 (La.1982). Subsection B of LSA-C.Cr.P. art. 894.1 requires the sentencing court to consider any mitigating factors, including but not limited to those listed therein, as well as circumstances militating for incarceration. State v. Franks, 373 So.2d 1307 (La.1979). However, LSA-C.Cr.P. Article 894.1 does not require that the trial judge set forth all the factors listed therein to which he accorded weight. State v. Mathews, 428 So.2d 988 (La.App. 1st Cir.1983), writ denied 434 So.2d 418 (La.App. 1st Cir.1983). All that is necessary is an adequate basis for review showing that all relevant factors have been considered. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). The trial judge has great discretion in imposing a sentence within statutory limits and will not be overturned absent abuse of that discretion. Id.
The record before us on appeal contains the transcription of defendant’s sentencing hearing and reveals that the trial judge gave consideration to the factors which militate for confinement and those which mitigate against confinement, concluding: “I see no grounds whatsoever tending to excuse or justify his conduct.” Further, the trial judge gave every opportunity to defendant and his counsel to make a statement in defendant’s favor for consideration by the judge.
In imposing sentence upon defendant the trial judge states that he had duly con *645 sidered the Pre-Sentence Investigation Report and felt that the imposition of a lesser sentence would depreciate or “deprecate” the seriousness of the crime. The trial court noted that defendant had earlier been convicted of carrying a concealed weapon and that, at the time of the commission of the instant crime, defendant had a loaded 38 caliber automatic pistol. Testimony revealed that the defendant was twenty-one years of age at the time of the commission of the crime. Although he has two children, he and his wife had been separated for 2 years and at the time of trial he had not contributed to their support in some time. The judge stated that he felt the incarceration of the defendant would not work a greater hardship on his family than had been endured by them in the past few years. We find that the trial court has adequately contemplated the statutory guidelines for sentencing and adequately complied with the requirements of LSA-C.Cr.P. art. 894.1.
In light of the relevant factors entered into the record, we cannot say that the judge abused his discretion in imposing a sentence on the defendant of fifteen years at hard labor without the benefit of probation, parole or suspension of sentence. State v. Feeback, 414 So.2d 1229 (La.1982).
We find the assignment of error has no merit. The sentence imposed is affirmed.
AFFIRMED.