GUIDRY, Judge.
Paul Quint Richard was charged with the crime of armed robbery, a violation of La. R.S. 14:64. The defendant entered a plea of guilty and a pre-sentence investigation was ordered by the court. The trial judge sentenced the defendant to 18 years at hard labor with the Department of Corrections. Defendant appeals the sentence imposed.
On October 20, 1982, while armed with a pistol, defendant entered a Little General Store in St. Landry Parish and robbed Gwen White, the night cashier, of approximately $40.00 at gun point.
On appeal, defendant contends that the sentence imposed by the trial judge violates the U.S. Constitution’s prohibition against cruel and unusual punishment. Defendant also contends that the sentence violates the Louisiana Constitution’s prohibition against excessive punishment. Defendant further contends that the court failed to comply with the statutory sentencing criteria mandated by La.C.Cr.P. Art. 894.1.
Under both our federal and state constitutions, the imposition of punishment which is deemed cruel or unusual is prohibited. U.S. Const. 8th Amendment; La. Const.1974, Art. 1 § 20. The Louisiana Constitution specifically prohibits “... cru *874 el, excessive or unusual punishment.” Although there is no specific prohibition against excessive punishment in the Federal Constitution in determining what is cruel and unusual, excessiveness is a proper consideration. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). Under both our federal and state constitutions, a sentence is excessive when it is grossly out of proportion to the severity of the offense or is nothing more than the needless imposition of pain and suffering. Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); State v. Goode, 380 So.2d 1361 (La.1980).
At the sentencing hearing, the trial judge stated that he had refixed sentencing to give defendant additional time to submit mitigating evidence to the court, and that he had considered the material submitted by counsel for defendant in addition to the pre-sentence investigation report. He then permitted counsel for defendant the opportunity to produce additional mitigating evidence. Counsel for defendant submitted no additional evidence but relied on oral argument to the court.
Defendant was sentenced to 18 years at hard labor. The maximum sentence for armed robbery is 99 years; the minimum sentence is five years. Thus, the law provides a wide range of sentences for the crime of armed robbery.
Defendant contends that the record reveals a lack of aggravating circumstances and the presence of mitigating circumstances, in particular, his youth and the fact that he has no prior criminal record. On this basis, defendant urges that the imposition of a sentence of 18 years, which is substantially above the minimum mandated by the legislature, is unconstitutionally excessive.
In particularizing the sentence to the defendant, the trial judge considered the seriousness of the crime, noting that defendant’s conduct involved a serious threat to human life by use of a firearm pointed at the victim. Although defendant correctly points out that, by definition, all armed robberies require the use of force while armed with a dangerous weapon, some instrumentalities are more life threatening than others. La.R.S. 14:2(3). Therefore, the nature or degree of dangerousness of the weapon is a factor which may elevate the seriousness of the crime. The trial judge also stated that he considered as mitigating factors, the defendant’s youth and lack of a prior criminal record.[1] These are the only factors weighing in favor of á lesser sentence which appear of record and which have been argued on appeal.
The judge need not articulate every aggravating and mitigating circumstance, but the record must adequately reflect that he considered the guidelines set forth in La.C.Cr.P. Art. 894.1 in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982). In the present case, we find that the trial judge has adequately stated the factual basis for the sentence imposed and provided this court with an adequate basis for review, thus complying with the requirements of La.C. Cr.P. Art. 894.1.
We cannot conclude from this record that the sentence imposed constituted excessive punishment prohibited by La. Const.1974, Art. 1 § 20 and U.S. Const. 8th Amendment. Defendant’s argument that his conduct constitutes the least serious armed robbery imaginable is without merit. Armed robbery is a crime “fraught with danger” to the victim and to others who may be present and it is strongly condemned by our legislature. State v. Douglas, 389 So.2d 1263 (La.1980). Considering the wide range of sentences for armed robbery left to the trial judge’s discretion by the legislature, we do not find the 18 year sentence imposed in this case to be grossly out of proportion to the severity of the committed offense. Even considering defendant’s youth, the record does not re- *875 fleet an abuse of the trial court’s much discretion.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant was 18 years old at the time of the commission of the crime. Although the trial judge noted defendant’s lack of a prior criminal record, the record does reflect that defendant had a record of delinquency.