ALFORD, Judge.
Curtis Miller (defendant) was charged by bill of information with attempted second degree murder. La.R.S. 14:27; 14:30.1. He pled not guilty and elected to be tried by the judge without a jury. Defendant was found guilty and sentenced to twenty-five years at hard labor.
Sometime in the late evening of January 24, 1983, Michael Glasper was shot in the shoulder and collarbone, the bullet lodging in his spine where it remains'. The wound has paralyzed him from the waist down. The shooting occurred at the McDonald’s Restaurant located in the Rebel Shopping Center on Florida Boulevard where Mr. Glasper and one friend, Alvin J. McCreary, had gone following a high school basketball game.
While at the counter ordering food, a fight broke out between Glasper and Gregory Keith Williams. Evidently the fight was a carryover from earlier in the evening. Williams .knocked Glasper to the floor and then McCreary stepped between them. McCreary and Glasper exited the building and Glasper went looking for more friends to back him up for his return to McDonald’s and to face Williams.
One of the friends Glasper picked up, Jimmy Donnell Thomas, testified that when *43 they returned to McDonald’s, Glasper went to the trunk of his car and took out an aluminum baseball bat. He then entered the restaurant and rejoined the argument until another friend of Glasper’s stopped the fight. The antagonists said they agreed “to take the fight outside”. At this point the, state’s witnesses all agree that defendant and Gregory Williams left and Glasper put the bat down. Glasper was in the process of leaving by the back door when defendant came back into the restaurant with a pistol, and said, “I’ve got you now” and shot him.
Five witnesses testified to essentially the same facts. The baseball bat was lying in the west aisle, a table apart from where Glasper was shot. Defendant was standing in the west side when he shot Glasper. Glasper had been walking down the east aisle toward the back door.
The police photographer who photographed the scene shortly after the shooting introduced into evidence a picture showing the bat in the aisle on the west side and the area where defendant had been lying on the floor on the east side.
Defendant and Glasper had not been fighting or arguing at any time during the evening. Defendant was a cousin of Williams.
Defendant left the scene before the police arrived and was not apprehended until some months later.
Defendant only briefed one Assignment of Error. Assignments of Error not briefed are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.-4. Defendant in his remaining assignment of error alleges that the trial court committed error when it imposed an excessive sentence and failed to follow the mandatory guidelines for sentencing set forth in La.C.Cr.P. art. 894.1.
The Louisiana Code of Criminal Procedure sets forth guidelines to be considered by the judge when sentencing. La. C.Cr.P. art. 894.1. The court must weigh both aggravating and mitigating factors to determine whether or not to incarcerate a defendant. State v. Collins, 448 So.2d 260 (La.App. 1st Cir.1984). The trial judge need not, however, recite the entire checklist of article 894.1 but must make an adequate showing that he considered the relevant factors. State v. Davis, 448 So.2d.645 (La.1984).
In sentencing defendant, the court pointed to his record of nine arrests with four convictions, and that he was a second time felony offender. Defendant had a revocation pending on a burglary charge. The court emphasized the fact that defendant fired a revolver in a public restaurant, showing a total disregard for human life. The judge concluded that defendant was a potential danger to society.
Defendant was convicted of violating La. R.S. 14:30.1, which provides that a person committing a second degree murder shall be imprisoned at hard labor for life, without benefit of probation, parole, or suspension of sentence. La.R.S. 14:27 provides that if the offense attempted is punishable by death or life imprisonment, offender shall be imprisoned at hard labor for not more than fifty years. Defendant was sentenced to twenty-five years at hard labor and two years to be served consecutively for violation of 14:95.2, the use of a firearm in the commission of action offenses.
The Louisiana Constitution of 1974 Article 1, Section 20 provides that no law shall subject a person to “cruel, excessive or unusual punishment”. Defendant contends that he received an excessive sentence. Generally, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than needless imposition of pain and suffering. State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984). It is to be determined whether a penalty is grossly disproportionate to the crime in light of the harm to society and whether the penalty is disproportionate so as to shock our sense of justice. Id.
The trial judge has great discretion in imposing a sentence within statutory limits and will not be overturned ab *44 sent abuse of that discretion. State v. Morgan, 439 So.2d 643 (La.App. 1st Cir. 1983). We find no abuse of discretion herein. The conviction and sentence are therefore affirmed.
AFFIRMED.