472 So.2d 170 (1985)
STATE of Louisiana
v.
Kevin KNOX.
No. 85-KA-23.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*171 Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for plaintiff-appellee.
Before BOUTALL, BOWES and CURRAULT, JJ.
BOUTALL, Judge.
Kevin Knox was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Following trial defendant was found guilty as charged and sentenced to 15 years at hard labor. This appeal followed.
Appellant assigns two errors for our review:
First, whether the evidence is sufficient to support a conviction for armed robbery, and
Second, whether the trial court erred in sentencing defendant to a term of 15 years at hard labor. We find no errors and accordingly affirm.

FACTS
On March 14, 1983, at approximately 4:00 p.m., a man walked up to the window at the Avondale Fotomat and asked Patricia Comeaux for a certain type of film. When Mrs. Comeaux turned to look it up in a book, the defendant lunged halfway through the window into the booth, held a knife to her stomach and announced, "This is a robbery." The robbery lasted for three to four minutes. Defendant fled with $60.00 in cash.
Two days after the robbery, a Jefferson Parish Sheriff's Officer asked Mrs. Comeaux to look through a photographic line-up to see if she could identify the robber. Mrs. Comeaux identified the defendant, and defendant was arrested.
At trial, the defendant claimed an alibi as his defense.

ASSIGNMENT OF ERROR NO. 1
Knox contends the evidence is insufficient to justify a verdict of armed robbery. Specifically, he argues the photographic identification by Mrs. Comeaux constitutes insufficient evidence to support the verdict, contending that the photographic line-up, which consisted of four photographs, was an inadequate number to test the reliability of the victim's identification. Appellant does not allege, however, that the line-up in any way focused unfairly on him. It is further argued that Mrs. Comeaux did not correctly identify the defendant because in her report to the police she failed to give an accurate description of defendant's weight, height, or facial features. Thus, the argument continues, this weak identification versus the defendant's six alibi witnesses amounts to insufficient evidence for conviction.
A claim of insufficient evidence is judged by whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson rationale, the state is required to negate any reasonable probability of an incorrect identification in order to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982); State v. Cockerham, 442 So.2d 1257 (La.App. 5th Cir.1983).
To prove that it was Knox who committed the crime, the state elicited testimony from Mrs. Comeaux regarding her identification of the defendant. Mrs. Comeaux testified she had a full opportunity to view *172 the defendant during the robbery, that the robbery lasted three to four minutes in daylight, and that she was absolutely certain he was the robber. She testified that there were no distinguishing facial features of the defendant but that "he was very close to my face and there wasn't anything definite about it but I remember exactly what he looked like." Moreover, contrary to defendant's contention, she was able to describe the defendant and his clothing. She testified he was wearing a white short sleeved T-shirt, grey pants, and a round bibless cap and that he was a tall, thin black man, but because he was stooped over into the Fotomat booth, she could not tell exactly how tall he was.
The state also presented the testimony of an eye witness to the crime, Yvonne Bennett, who corroborated the fact that Mrs. Comeaux was robbed but because she was a distance away and the defendant had his back to her, she could not identify him. She did corroborate Mrs. Comeaux as to the perpetrator's clothing.
Defendant offered his testimony plus the testimony of five alibi witnesses, to testify defendant was at home watching TV with his family at the time of the robbery.
Obviously, the jury was presented with a credibility choice: whether to believe Mrs. Comeaux and Mrs. Bennett or defendant and his alibi witnesses. The jury chose to believe the state's witnesses, and we find no error in that choice. It must be remembered that the victim identified the defendant two days after the robbery; and we believe that the circumstances surrounding her observations of the defendant during the robbery were highly favorable because of the duration of the robbery, the fact that it occurred in daylight, and the face-to-face contact.
Moreover, we do not believe the fact that there were only four photographs in the photographic line-up in any way prejudiced the defendant. As stated in State v. Davis, 409 So.2d 268, 270 (La.1982) "[i]n the final analysis, it must be determined [as a matter of due process] whether under all the circumstances of a particular case there is a very substantial likelihood of irreparable misidentification." We find none herein.
We therefore conclude that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.
Accordingly we find no merit to this assignment.

ASSIGNMENT OF ERROR NO. 2
Appellant next contends the trial court erred in sentencing him to 15 years at hard labor.
Specifically, appellant contends the trial judge failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1, and that his sentence is excessive.
Article 894.1.C provides that a court shall state for the record the considerations taken into account and the factual basis in imposing sentences. The trial judge gave his reasons as follows:
Bearing in mind the sentencing guidelines that I am mandated to follow and considering most importantly that a lesser sentence would depricate (sic) the seriousness of your crime which was one of the most reprehensive crimes in this case, it is the sentence of this Court, when I say reprehensible I mean reprehensible by the categories, it was after all a crime of armed robbery...
Our review of the record reveals the evidence supports the trial judge's reasons for sentencing. However, even the absence of adequate compliance with art. 894.1 it is not necessary to remand for resentencing where, as here, the sentence is not severe in relation to the offense committed. State v. Davis, 448 So.2d 645 (La.1984).
LSA-R.S. 14:64, armed robbery, carries a minimum sentence of 5 years and a maximum sentence of 99 years. Defendant's sentence of 15 years is thus within the lower range of sentences authorized by R.S. 14:64. See State v. Square, 433 So.2d 104 (La.1983) (25 years not excessive for 22 year-old first felony conviction); State v. *173 Jones, 412 So.2d 1051 (La.1982) (15 years not apparently severe); State v. Richard, 457 So.2d 872 (La.App. 3rd Cir.1984) (18 years not excessive for 18 year-old first felony offender); State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984) (25 years not excessive and only one prior attempted robbery); State v. Morgan, 439 So.2d 643 (La.App. 1st Cir.1983) (15 years not excessive). We thus conclude that the instant sentence is well within the trial judge's broad sentencing discretion and is not excessive.
We note, however, that while appellant complains that his sentence is excessive it is in fact illegally lenient. LSA-R.S. 14:64 provides in pertinent part, "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than 5 years and for not more than 99 years, without benefit of parole, probation or suspension of sentence." (Emphasis added.) Because the trial judge did not state that the sentence was to be served without benefit of parole, probation or suspension of sentence as the statute requires, Knox's sentence is illegally lenient.
An appellate court should not correct an illegally lenient sentence where the court has not been formally requested to do so. La.C.Cr. art. 882, as amended, provides:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.

B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writ of certiorari and prohibition.
* * * * * *
(Emphasis added.)
In the instant case, neither the state nor the appellant has made application to correct the illegal sentence.
In State v. Jackson, 452 So.2d 682 (La. 1984) the defendant was convicted of simple burglary of a pharmacy and sentenced to 10 years in prison. The trial judge failed to mention that the sentence was to be served without benefit of parole, probation or suspension of sentence as required by the statute. On appeal, the sentence was amended to provide that the defendant was not eligible for parole even though the prosecution had not raised the issue in a trial or appellate court. The Supreme Court accepted writs on the issue and reversed that portion of the judgment of the appellate court amending the sentence. The trial judge's sentence was reinstated and the Court said,
We hold that an appellate court under such circumstances should disregard sentencing errors favorable to the defendant unless the prosecution has raised the issue in the trial court and has sought appellate review ... [if] a trial judge imposes a sentence without mentioning denial of parole eligibility required by a statute, it is inappropriate for an appellate court to correct the sentence when the defendant alone seeks appellate review. Only the prosecution can seek correction of the error, and this should be done by applying first to the trial court subject to subsequent appellate review.[1]
Id. 682, 684 (citations omitted).
Subsequent to the Jackson decision and the amendment to art. 882, a panel of this court decided State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984). In Robertson, the defendant was convicted of attempted armed robbery and sentenced to 10 years at hard labor. The trial judge did not specify that the 10 years were to run without benefit of parole, probation or suspension of sentence, a requirement of any sentence for an attempted armed robbery. On appeal, the state suggested during oral argument that the appellate court under the authority of the amended art. 882, should correct the illegal sentence; however, the issue was not briefed. The panel rejected *174 the state's suggestion, noting that while art. 882 gives appellate courts the authority to correct an illegally lenient sentence on the application of the defendant or of the state, the panel was not prepared to say that the prosecution had made sufficient application therein under the terms of art. 882. The panel felt that the prosecution had to first approach the district judge regarding correction of the sentence, which would then be subject to appellate review.
We agree with Robertson. In the instant case, the state has not sought a correction of the illegal sentence; neither has the defendant. According to the Jackson and Robertson decisions, as well as art. 882 as amended, we should not consider an illegally lenient sentence where neither the state nor the defense has formally requested such review.
We thus hold that the sentence below is affirmed, as well as the conviction.
AFFIRMED.
NOTES
[1] Under art. 882, which was amended after the Jackson decision, either the state or the defendant may seek review of an illegally lenient sentence.