514 So.2d 271 (1987)
STATE of Louisiana
v.
Dwayne HUPP.
No. 87-KA-214.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
*272 Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Louise Korns, of counsel; Dorothy Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for State.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Defendant, Dwayne Hupp, was charged with armed robbery in violation of LSA R.S. 14:64. At the conclusion of trial, a twelve-person jury unanimously found the defendant guilty as charged. Defendant appeals.
The facts of this case are as follows. On the evening of July 17, 1981, the defendant and an accomplice entered the Fin and Feather Lounge. Returning from the rest room, located at the rear of the building, the defendant pointed a gun at the bartender, Janet Bain, and the sole patron and told them to put their hands in the air. Both were told to face the wall and not look at the defendant's face. However, the defendant required assistance to open the cash register and, when Ms. Bain turned to open the register, she got a very good look at the defendant. All of the money in the register was taken, as well as the wallet of the patron. Janet Bain and the patron were then ordered into the back room and told that if they left the room before five minutes had elapsed they would be shot. When Ms. Bain heard the front door close, she left the room and called the police.
Ms. Bain was shown several photographic lineups which did not contain a photo of the defendant and did not identify anyone as the perpetrator. However, when she was shown the photographic lineup which contained a picture of the defendant, she immediately and positively identified him as the man who robbed her.
The defendant and four members of his immediate family testified that he was in Tennessee on the night of the robbery.
Defendant presents four assignments of error:[1]
1. The evidence presented at trial was not sufficient to justify the verdict. The defendant designates the entire record of this matter.
2. Also assigned as error are any and all errors patent on the face of the record. The defendant designates the entire record of this matter.
3. It was error for the trial court to admit into evidence photographs marked for identification as S2, S3, S4, S5, over the objection of defense counsel. (T.T. *273 pp. 88-112 of the hearing held on December 7, 1982).
4. The trial court erred in sentencing the defendant to a term of forty (40) years at hard labor without benefit of probation, parole, or suspension of sentence. (T.T. pp. 1-7 of the hearing held on April 27, 1983).
Assignment of Error Number 1
Defendant asserts that the evidence presented at trial was not sufficient to justify the verdict.
The standard to be used by the appellate court in evaluating a challenge of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of each element of the crime charged. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On the date of the commission of the offense, LSA R.S. 14:64 provided in pertinent part that:
"A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
Consequently, the elements of armed robbery which the State had to prove were as follows:
1. That the defendant committed the theft of something of value belonging to another; and
2. that the thing of value stolen was in the possession or in the immediate control of the victim when it was stolen; and
3. that the defendant used force or intimidation against the victim in order to accomplish the theft; and
4. that the defendant was armed with a dangerous weapon.
Additionally, since the definition of armed robbery, at the time of the commission of the present offense, described itself as a species of theft, the State was required to prove that the defendant had the specific intent necessary for the offense of theft. State v. Eason, 460 So.2d 1139 (La. App. 2 Cir.1984) writ den. 463 So.2d 1317 (La.1985), citing State v. Bruins, 407 So.2d 685 (La.1981).[2]
LSA R.S. 14:67 defines theft as:
... misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Thus, specific intent to permanently deprive the victim is an essential element of the crime of theft. Although "intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction." LSA R.S. 15:445.
In addition, under the standard of Jackson v. Virginia, supra, the State is required to negate any reasonable probability of an incorrect identification. State v. Knox, 472 So.2d 170 (La.App. 5 Cir.1985); State v. Cockerham, 442 So.2d 1257 (La. App. 5 Cir.1983). See also State v. Brown, 497 So.2d 29 (La.App. 5 Cir.1986).
This court in State v. Boutte, 447 So.2d 1229 (La.App. 5 Cir.1984), stated:
In deciding whether to suppress identification testimony, we must balance the reliability of such identification against the corrupting influence of the suggestive identification itself. Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). State v. Stewart, 389 So.2d 1321 (La.1980). There are five factors used to determine the reliability of an identification. These *274 are set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and have been followed by our courts. State v. Guillot, 353 So.2d 1005 (La. 1977); State v. Stewart, supra.
Here, the State produced an eyewitness, Janet Bain, who testified that the defendant and a co-perpetrator entered the bar where she worked on July 17, 1981, pointed a gun at her and a patron, removed the money within her control from the cash register, and then left the bar with the money. Ms. Bain testified that she was positive that the defendant was the person who committed the robbery. The defendant alleges that the evidence is insufficient because he presented several alibi witnesses whose testimony was not challenged at trial, thereby making credibility a key factor.
The conviction in this case obviously turned on credibility of witnesses and such credibility is legally and properly determined by the trier of fact. State v. Arnaud, 412 So.2d 1013 (La.1982). When the testimony is conflicting, the credibility of witnesses is a matter within the sound discretion of the trier of fact, in this case the 12-person jury. Factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983) and State v. Klar, 400 So.2d 610 (La.1981); State v. Cobbs, 350 So.2d 168 (La.1977); State v. Butler, 450 So.2d 764 (La. 5 Cir. 1984).
We hold that a rational trier of fact could indeed have concluded beyond any reasonable doubt from the evidence presented that the defendant was correctly and properly identified, that he was armed with a gun and took money from the control of Ms. Bain which belonged to the owner of the lounge with the intent to permanently deprive him of his money. Accordingly, this assignment is completely lacking in merit.
Assignment of Error Number 2
Defendant requests this Court to review the record for any and all errors patent.
We have conducted a careful examination of the record before us, pursuant to the provisions of LSA C.Cr.P. 920 and the guidelines set out by the Louisiana Supreme Court [see State v. Oliveaux, 312 So.2d 337 (La.1975)], and find no errors patent on the record.
Assignment of Error Number 3
Defendant asserts that the photographic lineup shown to Janet Bain was unduly suggestive and prejudicial.
The standard to be used in reviewing an out-of-court identification procedure for its constitutionality, and hence its admissibility in court, is two-fold. First, it must be determined whether the officials used an impermissibly suggestive procedure in obtaining the out-of-court procedure. Secondly, if the procedure used was suggestive, it must be determined whether, under all the circumstances, the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984).
In State v. Gordon, 504 So.2d 1135, 1139-40 (La.App. 5 Cir.1987), this Court set forth the guidelines for the evaluation of a lineup to determine whether it is unduly suggestive:
A lineup will be considered unduly suggestive if the identification procedure displays the defendant so that the witness's attention is focused on the defendant. State v. Neslo, 433 So.2d 73 (La.1983); State v. O'Neal, 478 So.2d 1311 (La.App. 5th Cir.1985).
A lineup is also suggestive if a sufficient resemblance of characteristics and features of the person in the lineup; such as build, hair, facial hair and complexion, do not exist to reasonably test the identification. State v. Nicholas, 397 So.2d 1308 (La.1981); State v. Sepcich, 473 So.2d 380 (La.App. 5th Cir.1985), on remand for resentencing, 485 So.2d 559 (La.App. 5th Cir.1986). If only one person has the same characteristics as those describing the perpetrator, the witness's attention will be focused on that person. State v. Davis, 385 So.2d 193 (La.1980).

*275 However, "strict identity of physical characteristics among the persons depicted in a physical or photographic lineup is not required. All that is required is sufficient resemblance to reasonably test the identification." State v. Tate, 454 So.2d 391; 393 (La.App. 4th Cir.1984); State v. Smith, 430 So.2d 31 (La.1983); State v. Brown, 470 So.2d 259 (La.App. 5th Cir. 1985).
In State v. Morgan, 367 So.2d 779 (La. 1979), the Court noted: "No exact detailed criteria for a legitimate photographic lineup is established. Except for the broad outlines found in the cases, the fundamental rule is that each case must be considered on a careful analysis of its own facts." Id. at 783.
The defendant's allegation that the photographs do not contain sufficient resemblance of characteristics appears to be based on his contention that the mustaches of the persons in the lineup are of varying fullness. We have carefully reviewed the photographs that were used in the lineup, paying special attention to all points discussed by defendant, and find that a sufficient matching of characteristics exist to reasonably test the identification. Since we do not find the photographic lineup to be unduly suggestive, we need not address the second prong of the test as stated above. This assignment lacks merit.
Assignment of Error Number 4
The defendant contends the sentence he received, forty (40) years at hard labor without benefit of parole, probation, or suspension, is excessive.
Under the provision of La.Const. of 1974, Article I, Section 20, a defendant is protected from the imposition of "cruel, excessive or unusual punishment." Although a sentence is within statutory limits, it still may be excessive and is therefore subject to appellate review. State v. Accardo, 466 So.2d 549 (La.App. 5 Cir. 1985) writ den. 468 So.2d 1204 (La.1985). A sentence is excessive if "grossly out of proportion to the seriousness of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984) cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The choice of sentences within the statutory range lies within the discretion of the trial judge and his determination should not be set aside absent manifest abuse of that discretion. State v. Schexnayder, 472 So.2d 174 (La.App. 5 Cir.1985). However, each sentence must be individualized, mandating consideration of the underlying circumstances of the crime. State v. Cortez, 503 So.2d 76 (La.App. 5 Cir.1987). LSA C.CR.P. Art. 894.1 sets forth guidelines to be utilized by the trial judge in his consideration of an appropriate sentence. While the trial judge need not articulate each factor, the record should indicate that the trial court considered both the aggravating and mitigating factors of LSA C.CR.P. art. 894.1. State v. Accardo, supra.
The trial judge considered that the defendant had a prior criminal record and that a lesser sentence would deprecate the seriousness of the offense. The trial judge also stated that he had intended to impose a longer sentence but he reduced the term because the defendant had agreed to plead guilty to a separate armed robbery charge in exchange for the imposition of concurrent sentences. However, there is no indication that the trial court considered the mitigating factors of C.CR.P. art. 894.1, such as age, work history, etc.
Ordinarily, a sentence will be set aside and the case remanded for resentencing when the trial judge's reasons for sentencing fail to show adequate compliance with LSA C.Cr.P. 894.1. State v. Sherer, 437 So.2d 276 (La.1983). However, when the sentence imposed is not apparently severe, or when the record otherwise supports the sentencing choice, a remand for more complete compliance with C.Cr.P. art. 894.1 is not necessary. The maximum sentence pursuant to LSA R.S. 14:64 is ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence. This sentence is in the mid-range of possible sentences the defendant could *276 have received. Additionally, a reading of the record indicates that the defendant was twenty-years old at the time of sentence, unmarried, and unemployed at the time of the commission of the offense. He had one prior juvenile conviction for simple burglary and one adult conviction for simple burglary. The defendant also had another armed robbery charge pending, to which he agreed to plead guilty in exchange for a sentence to run concurrent with the present sentence.
Considering all these factors and the fact that the trial judge took them into consideration, we find that the sentence imposed in the instant case is not excessive and that the record supports the sentencing choice of the trial judge. Therefore, complete compliance with LSA C.Cr.P. art. 894.1 is not necessary. This assignment also lacks merit.
Accordingly, for the foregoing reasons, we affirm the conviction and sentence of the defendant.
AFFIRMED.
NOTES
[1] Defendant originally asserted eight assignments of error, four of them were not argued in brief and are therefore deemed abandoned. Uniform RulesCourts of AppealRule 2.12.4.
[2] R.S. 14:64 was amended by Acts 1983, No. 70, Subsection 1 and now defines armed robbery as: "Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."

Under the current definition, theft (the taking of property of another with the permanent intent to deprive) is no longer an essential element of the crime. Proof of a mere "taking" of the property of another is sufficient. See State v. Gordon, supra; State v. Eason, supra.