GOTHARD, Judge.
On September 26, 1985, defendant, Freddie Beverly, was charged in a two-count bill of information with one count of armed robbery and one count of aggravated crime against nature, violations of LSA-R.S. 14:64 and LSA-R.S. 14:89.1, respectively. In a separate bill of information filed that day, defendant was charged with a second armed robbery, LSA-R.S. 14:64. Initially, defendant pled not guilty, but on July 16, 1986 withdrew his former plea and pled guilty as charged to all three charges, reserving his right to an excessive sentence review. Thereafter, the trial court sentenced defendant to concurrent five year terms of imprisonment at hard labor without benefits on the aggravated crime against nature and on the first billed armed robbery; and a fifteen year term of imprisonment without benefits on the second billed armed robbery to be concurrently served with the two five year terms.[1] Defendant now appeals urging that we review his sentence for excessiveness.
FACTS
On August 29, 1985, the defendant and two co-perpetrators drove to a store for the purpose of robbing it. The defendant stayed in the car while his two co-perpetrators went inside and committed the robbery using a gun. The three men then drove to a second store, and defendant with his co-perpetrators entered the store and again committed armed robbery with a gun. The defendant forced the woman inside the store to engage in oral sex with him.
ASSIGNMENT OF ERROR
Defendant contends that his sentence of fifteen years at hard labor on the second billed armed robbery charge is an excessive punishment, in violation of Article 1, sec. 20 of the Louisiana Constitution. Defendant suggests that a ten year term is a fair sentence.
Specifically, defendant contends the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1, in that he did not consider any mitigating factors. Defendant alleges that he has no prior convictions, is employed constantly, and has dependents for whom he is responsible. Defendant additionally alleges that the trial judge, when sentencing him, incorrectly considered his commission of two armed robberies, when one had been dismissed. We immediately observe that de *1211 fendant pled guilty to the commission of two armed robberies as well as the aggravated crime against nature, and that the trial court correctly considered defendant’s commission of two armed robberies when sentencing him.
Article 894.1(C) of the Louisiana Code of Criminal Procedure provides that a court shall state for the record the considerations taken into account and the factual basis in imposing sentences. The trial judge gave his reasons as follows:
I've reviewed the record of this defendant. I’ve reviewed this case. Under the circumstances of this case, the defendant should be incarcerated for his conduct. I find nothing to mitigate the sentence in this matter.
I further find that the defendant’s conduct is reprehensible and this is the kind of case where 15 years would certainly be in order and appropriate at this time.
Our review reveals the evidence supports the trial judge’s reasons for sentencing. Even in the absence of adequate compliance with article 894.1, it is not necessary to remand for resentencing where, as here, the sentence is not severe in relation to the offense committed. State v. Lynch, 512 So.2d 1214 (La.App. 5 Cir.1987); State v. Gordon, 504 So.2d 1135 (La.App. 5 Cir.1987).
LSA-R.S. 14:64, armed robbery, carries a minimum sentence of five years and a maximum sentence of ninety-nine years. Defendant’s sentence of fifteen years is thus within the lower range of sentences authorized by R.S. 14:64. See State v. Square, 433 So.2d 104 (La.1983) (twenty-five years not excessive for twenty-two year-old first felony conviction); State v. Jones, 412 So.2d 1051 (La.1982) (fifteen years not apparently severe); State v. Richard, 457 So.2d 872 (La.App. 3 Cir.1984) (eighteen years not excessive for eighteen year-old first felony offender); State v. Butler, 450 So.2d 764 (La.App. 5 Cir.1984) (twenty-five years not excessive and only one prior attempted robbery); State v. Morgan, 439 So.2d 643 (La.App. 1 Cir.1983) (fifteen years not excessive). We thus conclude that the instant sentence is well within the trial judge’s broad sentencing discretion and is not excessive.
We note, however, “ex proprio motu”, under the authority of LSA-C.Cr.P. art. 920(2), that the sentence imposed is illegal in that the record fails to show that the trial judge, in imposing sentence, gave defendant credit toward service of his sentence for time spent in actual custody, if any, prior to the imposition of sentence. Such an allowance of credit is mandatory. LSA-C.Cr.P. art. 880.
Accordingly, the conviction is affirmed. However the sentence imposed is amended to give defendant credit toward service of his sentence for time spent in actual custody, if any, prior to the imposition of sentence in compliance with the mandatory terms of LSA-C.Cr.P. art. 880.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.

. The minute entry of the sentencing on the charge of aggravated crime against nature and the first billed armed robbery shows that only one five year sentence was imposed. However the transcript clearly reflects that two five year sentences were imposed. When there is a discrepancy between the minute entry and the transcript, the transcript prevails, State v. Lynch, 441 So.2d 732 (La.1983).