ORDER
WRIT GRANTED AND MADE PEREMPTORY:
An illegally lenient sentence may be corrected by the sentencing court upon motion of the state or defendant by imposition of a legal sentence of a term of years to be served without benefit of parole, probation or suspension of sentence in accordance with the mandatory provisions of the criminal statute. La.R.S. 14:64; La.C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
If the correction of the illegally lenient sentence results in a harsher sentence than that originally imposed as a result of adding parole ineligibility, then the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If, at the time of imposing the original sentence, the intent of the judge was that the years be served without bene *503 fit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole. State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991); State v. Washington, 578 So.2d 1150 (La.1991); and State v. Desdunes, 579 So.2d 452 (La.1991).
Further, the record of resentencing indicates that relator had counsel for the purpose of assisting him during resentenc-ing. However, counsel was not present during resentencing. Relator was entitled to counsel at the time of resentencing and, the record should reflect that counsel was present or that relator had knowingly and intelligently waived his right to counsel.
Accordingly, since the record does not reflect that relator knowingly and voluntarily waived his right to counsel or that the resentencing judge considered the intent of the judge who imposed the original sentence, the corrected sentence is vacated and the case is remanded to the district court for correction of the original sentence and resentencing in accordance with the considerations set forth above. Relator’s assignment of error concerning the trial court’s failure to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 is rendered moot inasmuch as the resentence has been vacated.