DUFRESNE, Judge.
On December 6, 1978, the defendant, Cleveland Bell, was found guilty of armed robbery in a jury trial and after a pre-sentence investigation he was sentenced to thirty years at hard labor. Although the minute entry and commitment for that date indicate that the sentence was to be served without benefit of parole, probation or suspension, the transcript did not so reflect.
Defendant appealed to the Louisiana Supreme Court, which had appellate jurisdiction of such matters at that time. The Supreme Court affirmed defendant’s conviction and sentence in a per curiam decision, State v. Bell, 376 So.2d 1257 (La.1979).
In September of 1990, defendant filed a Motion to Correct an Illegal Sentence, alleging that his thirty year sentence was illegally lenient because the judge failed to impose the sentence without benefit of parole as is required by LSA-R.S. 14:64. Defendant requested that his sentence be vacated and that the matter be remanded for resentencing.
On September 19, 1990, the same trial judge granted defendant a hearing to determine whether or not his sentence was illegal. The judge further ordered that I.D.B. provide counsel to defendant for the purpose of such hearing.
On April 4, 1991, the defendant was re-sentenced to thirty years at hard labor without benefit of parole, probation, or suspension. ' Credit for time served was given.
On July 18, 1991, defendant filed a Motion for Reconsideration of Judgment Denying Motion to Correct an Illegal Sentence.
On July 23, 1991, the trial judge denied this motion for reconsideration finding that the error in defendant’s sentence had been corrected at the April 4, 1991 resentencing hearing. Defendant thereafter filed a writ application (NO. 91-KH-925) with this court seeking review of the trial judge’s ruling.
*383 On January 2, 1992, this court granted defendant’s writ application and remanded the matter with the following disposition:
Relator challenges both the procedure and the second sentence imposed as a result of his application to the district court for correction of an illegal sentence. The appropriate vehicle to challenge “a judgment which imposes sentence” is an appeal. C.Cr.P. art. 912.1C. Accordingly, we construe relator’s request for review as a motion for out of time appeal and remand the matter to the district court for consideration and disposition as such.
On February 24, 1992, defendant was granted an out-of-time appeal and urges two assignments of error for our review. ASSIGNMENT OF ERROR NUMBER ONE
The defendant was not “represented” by counsel at the time of resentencing and had not knowingly and intelligently waived his right to counsel.
DISCUSSION
At the time of resentencing, the following discussion transpired:
THE COURT:
We’ll go the Cleveland Bell, Mr. Doyle
Mr. Bell, as I understand the posture of this matter, the Commitment says that Mr. Bell was sentenced to thirty years hard labor, without benefit of parole, probation or suspension
The record the stenographer gives me says it doesn’t show that I said without benefit of parole, probation or suspension, right?
MS. MORGAN:
That’s correct, Your Honor.
THE COURT:
So, in my opinion, I have given Mr. Bell a sentence that should have included those words, but did not, and I have to correct that sentence, Mr. Doyle?
MR. DOYLE:
That’s correct, Your Honor. As you are aware, the defendant is representing himself. He has filed various appellate motions, which are included in the record.
My supervisor, Mr. Thompson, and I have gone over this file and have talked to you concerning this matter.
Your Honor, I believe the posture that you have to — or not “have to,” that you — amend your sentence, is that correct?
THE COURT:
I’m going to correct it.
MR. DOYLE:
You’re going to correct your sentence.
THE COURT:
I’m going to do that at this time.
MR. DOYLE:
Yes, Your Honor.
THE COURT:
All right, the sentence of the Court, at this time, is thirty (30) years hard labor, without benefit of parole, probation or suspension.
The Clerk will give me a commitment stating that; again, reserving rights for appeal for Mr. Bell.
MR. DOYLE:
Your Honor, I have two motions.
The first, motion is the defendant would like a transcript of today’s proceedings.
THE COURT:
So ordered.
MR. DOYLE:
Your Honor, I would also ask that he be appointed — you don’t want appointed, Counsel?
THE COURT:
The court is going to order one to assist him. Whether he utilizes that service is up to Mr. Bell.
MR. DOYLE:
Thank you, Your Honor.
LSA-C.Cr.P. art. 511 provides that the "accused in every instance has the right to defend himself and to have the assistance of counsel.”
In State v. Bonier, 583 So.2d 501 (La.App. 3rd Cir.1991), the court held that defendant was entitled to counsel at time of resentencing to correct an illegally lenient sentence. In Bonier, the record of resen-tencing indicated that relator had counsel *384 for the purpose of assisting him during the resentencing. However, counsel was not actually present during resentencing. The court held that relator was entitled to counsel at the time of resentencing and, the record would reflect that counsel was present or that relator had knowingly and intelligently waived his right to counsel.
In the present case, the record indicates that defendant had the assistance of counsel at the time of resentencing.
The assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
The trial judge failed to indicate consideration for the intent of the judge at the original sentencing.
DISCUSSION
Following defendant’s conviction of armed robbery, on January 12, 1979 he was sentenced to thirty years at hard labor. In sentencing the defendant, the judge stated:
All right, Mr. Bell, I have reviewed the circumstances surrounding the offense with which you have been found guilty by the unanimous verdict of a duly constituted jury and the fact that a life was put in jeopardy by your actions. I have concluded, based upon the information I have received from the pre-sentence investigation and other sources, that you, society and the State would be best served by your commitment in a State correctional institution.
Accordingly, you are hereby sentenced to serve a period of thirty years at hard labor within the State correctional system with this State.
LSA-R.S. 14:64(B) provides that “whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” When the trial judge originally imposed sentence in 1979, he failed to state that it be served without benefit of parole, probation or suspension. Thus, the sentence as initially imposed was illegally lenient.
Pursuant to a motion to correct an illegally lenient sentence filed by defendant, on April 4, 1991, he was resentenced to thirty years at hard labor without benefit of parole, probation or suspension. Defendant now contends that since the resentenc-ing judge failed to indicate any consideration of what the intention was behind the original sentence, then his sentence must be vacated and the matter remanded for resentencing. The jurisprudence supports defendant’s contention.
In State v. Desdunes, 579 So.2d 452 (La.1991), defendant’s motion to correct his illegally lenient sentence for armed robbery (forty years at hard labor without mention of parole eligibility or ineligibility) was granted and he was resentenced to the same term of years without benefit of parole, probation, or suspension of sentence. In vacating defendant’s corrected sentence and remanding the matter for resentenc-ing, the Louisiana Supreme Court stated:
Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit or parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
Since correction of an “illegally lenient” sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resen-tencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resen-tencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the origi *385 nal sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
Since the record does not reflect such consideration by the resentencing judge in this case, the corrected sentence is vacated and the case is remanded to the district court for correction of the original sentence and resentencing in accordance with the considerations set forth above.
State v. Desdunes, supra at p. 452.
In State v. Husband, 593 So.2d 1257, 1258, rehg. denied, 594 So.2d 1305 (La.1992), the Supreme Court explained the Desdunes opinion as follows:
Thus, the Desdunes decision required the resentencing judge to attempt to ascertain the intent of the judge who imposed the original sentence, and both the prosecutor and the defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge, including circumstantial evidence of sentences imposed during that time frame by the sentencing judge in cases involving similar crimes committed by defendants with similar criminal histories. However, it is inappropriate to call the original sentencing judge as a witness to be questioned about his intent in imposing a particular sentence sixteen years earlier.
See also State v. Washington, 578 So.2d 1150 (La.1991) and State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991).
In the present case, even though the judge who imposed the original sentence and the corrected sentence were the same, the record does not reflect consideration by the resentencing judge of his intent at the time the sentence was originally imposed.
Further in State v. Husband, supra the court noted that the sentencing guidelines applicable to sentences imposed after January 31, 1992 should be considered.
Accordingly, for the above reasons, the defendant’s sentence is vacated and the case is remanded to the district court for consideration and resentencing in accordance with the procedures and guidelines set forth in State v. Desdunes, supra and State v. Husband, supra.
SENTENCE VACATED, REMANDED FOR RESENTENCING.