BOWES, Judge.
Defendant, Dwayne Hupp, appeals his re-sentencing on February 3, 1993 to forty years without benefit of parole, probation, or suspension of sentence.
For the following reasons, we vacate the sentence and remand the case to the district court.

PROCEDURAL HISTORY

The defendant, Dwayne Hupp, was charged with armed robbery in 1982. Following trial, the jury returned a verdict of guilty as charged. On April 27, 1983, Judge Wallace C. LeBrun sentenced the defendant to forty years at hard labor “without benefit of probation or suspension of sentence” (but omitting the word “parole”). Appellant was granted an out-of-time appeal in October of 1986, and this Court affirmed his conviction and sentence. See State v. Hupp, 514 So.2d 271 (La.App. 5 Cir.1987).
In July of 1992, appellant filed a Motion to Correct Illegal Sentence in the trial court and moved to have a lesser sentence imposed. The trial court denied the motion. On a writ application, this Court vacated Hupp’s sentence as illegal and remanded the case for re-sentencing under State v. Desdunes, 579 So.2d 452 (La.1991). State v. Hupp, No. 92-KH-823 (October 13, 1992).
On February 3, 1993, the defendant was re-sentenced by Judge Jacob L. Kamo to forty years without benefit of parole, probation, or suspension of sentence. This present appeal followed.

ASSIGNMENTS OF ERROR

Defendant assigns the following errors:
1. The trial court erred in resentencing appellant to a term of forty (40) years at hard labor without the benefit of parole, probation, or suspension of sentence, thereby *2 enhancing appellant’s original sentence of forty (40) years with benefit of parole.
2. The trial court erred in not following order of the Court of Appeal, Fifth Circuit in writ application No. 92-KH-828, State of Louisiana v. Dwayne Hupp, vacating relator’s sentence and directing the Trial Court to follow the Supreme Court’s findings in State v. Desdunes, 579 So.2d 452 (La.1991).

ANALYSIS

We discussed the same issues in State v. Bell, 615 So.2d 382 (La.App. 5 Cir.1993), wherein the defendant was resentenced pursuant to a motion to correct an illegally lenient sentence. There, we analyzed the controlling jurisprudence thusly:
* ⅜ ⅜ ⅜ ⅜ ⅜
Defendant now contends that since the resentencing judge failed to indicate any consideration of what the intention was behind the original sentence, then his sentence must be vacated and the matter remanded for resentencing. The jurisprudence supports defendant’s contention.
In State v. Desdunes, 579 So.2d 452 (La.1991), defendant’s motion to correct his illegally lenient sentence for armed robbery (forty years at hard labor without mention of parole eligibility of ineligibility) was granted and he was resentenced to the same term of years without benefit of parole, probation, or suspension of sentence. In vacating defendant’s corrected sentence and remanding the matter for resentenc-ing, the Louisiana Supreme Court stated:
Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit or parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
Since correction of an ‘illegally lenient’ sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resen-tencing judge may impose a sentence of a lesser term of years without benefit of parole , to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
Since the record does not reflect such consideration by the resentencing judge in this case, the corrected sentence is vacated and the case is remanded to the district court for correction of the original sentence and resentencing in accordance with the considerations set forth above. [Emphasis supplied].
State v. Desdunes, supra, at p. 452.
In State v. Husband, 593 So.2d 1257, 1258, rehg. denied, 594 So.2d 1305 (La.1992), the Supreme Court explained the Desdunes opinion as follows:
Thus, the Desdunes decision required the resentencing judge to attempt to ascertain the intent of the judge who imposed the original sentence, and both the prosecutor and the defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge, including circumstantial evidence of sentences imposed during that time frame by the sentencing judge in cases involving similar crimes committed by defendants with similar criminal histories. However, it is inappropriate to call the original sentencing judge as a witness to be questioned about his intent in imposing a particular sentence *3 sixteen years earlier, plied]. [Emphasis sup-
See also State v. Washington, 578 So.2d 1150 (La.1991) and State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991).
In the present case, even though the judge who imposed the original sentence and the corrected sentence were the same, the record does not reflect consideration by the resentencing judge of his intent at the time the sentence was originally imposed.
Further in State v. Husband, supra the [Supreme] court noted that the sentencing guidelines applicable to sentences imposed after January SI, 1992 should be considered. [Emphasis supplied].
In Bell, supra, we vacated the sentence and remanded for resentencing in accordance with State v. Desdunes, supra, and State v. Husband, supra.
The same analysis applies in the present ease, except that the original sentencing judge, now deceased, and the present sentencing judge, are obviously not the same. The transcript of the resentencing here does not reveal an attempt by the resentencing judge to ascertain the intent of the original judge. Neither is there any indication that the defendant or prosecutor was given the opportunity to present evidence or to decline the opportunity to do so. As to argument, the district attorney does not appear to have spoken on the record. Rather, the trial judge, without evidence or argument, merely found that the sentence was illegally lenient, and asked defendant’s counsel for the “authority” for the original sentence.
The hearing did not encompass nor follow the mandatory procedure outlined in State v. Desdunes, supra, State v. Husband, supra and State v. Bell, supra. Additionally, as in Bell, the sentencing guidelines applicable to sentences imposed after January 31, 1992, should have been considered and in the present case, were not so considered.
We have also conducted an error patent review under State v. Oliveaux, 312 So.2d 337 (La.1975), we note no errors patent in the present appeal.
For the foregoing reasons, the sentence of defendant is once again vacated, and the matter is remanded to the district court for consideration and resentencing in strict compliance with the mandatory guidelines, and procedures set forth hereinabove.
SENTENCE VACATED; REMANDED FOR RESENTENCING.